**UNITED STATES DISTRICT COURT**

**CLARK COUNTY, NEVADA**

```
____/ FILED        ____ RECEIVED
____ ENTERED       ____ SERVED ON
        COUNSEL/PARTIES OF RECORD

          AUG 21 2025

    CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ MAM ____ DEPUTY
```

2:25-cv-01570-GMN-DJA

**Jazmin Jones,**

Plaintiff,

Case No.: _____

Dept No.: _____

v.

**Aria Resort & Casino, LLC**

**D/b/a/ Aria Resort & Casino; MGM**

**Resorts International, Inc.,**

Defendants.

**COMPLAINT FOR DAMAGES**

**AND JURY DEMAND**

(Title VII of the Civil Rights Act of 1964 – Discrimination, Retaliation, Wrongful Termination)

## INTRODUCTION

Plaintiff Jazmin Jones ("Plaintiff"), an employee of Aria Resort & Casino, brings this action for

Damages, declaratory relief, and injunctive relief against Defendant MGM Resorts International ("Defendant"), arising from unlawful employment practices including discrimination, retaliation, wrongful suspension, and wrongful termination, in violation of Title VII of the Civil Rights Act of 1964 and related state laws.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C 1331 and 1334, as this action arises under the laws of the United States, including, **Title VII of the Civil Rights Act of 1964,** 42 U.S.C. 2000e, et seq.

2. Jurisdiction is proper pursuant to **28 U.S.C.** because the events giving rise to this claim occurred in Clark County Nevada.

3. Venue is proper in this District pursuant to **28 U.S.C. 1391,** as the acts giving rise to this complaint occurred in **Las Vegas, Nevada.**

## II. PARTIES

4. Plaintiff is an African American woman and a resident of Clark County, Nevada. At all relevant times, Plaintiff was employed by Defendant at Aria Resort & Casino. **Jazmin Jones** ("Plaintiff") is an individual and resident of Clark County, Nevada.

5. Defendant **MGM Resorts International d/b/a/ Aria Resort & Casino, LLC** owns and operates Aria Resort & Casino in Las Vegas, Nevada and is a limited liability company doing business and employer under Title VII.

6. Defendant **MGM Resorts International, Inc,** is a Delaware corporation doing business in Clark County, Nevada.

### III. FACTUAL ALLEGATIONS

7. Plaintiff began employment with Defendant at Aria Resort & Casino as a **cocktail server** in or around **August 2022.** Throughout her employment, Plaintiff always performed her job duties in a professional a satisfactory manner.

8. Despite her performance, Beginning in or around **2022 through 2024,** Plaintiff was subjected to repeatedly subjected to discriminatory treatment, **wrongful suspensions and ultimately termination** in retaliation for asserting her workplace rights.

9. Defendant has consistently excluded African Americans from managerial roles. At no time during Plaintiff's employment were there African American managers, male or female. Defendant briefly hired an African American male F&B manager who was praised by cocktail servers for being fair and unbiased, but he was terminated just two days after being hired. This demonstrates a pattern of exclusion and discriminatory employment practices.

10. Plaintiff's advocacy on behalf of another African American woman employee and her own opposition to discriminatory practices led to retaliatory actions by Defendant, in direct violation of Title VII.

11. Defendant's actions caused Plaintiff to suffer lost wages, loss of benefits, loss of pension accruals, emotional distress, and other damages.

12. Plaintiff was denied proper wages for performing **bartender- level duties,** including pouring and preparing drinks through the SmartTender system, despite a valid arbitration decision confirming entitlement to higher pay.

13. Plaintiff was denied **tip allocations, pension contributions, and full backpay** owed during the periods of wrongful suspension and termination.

14. Plaintiff engaged in **protected activity** by reporting wage and labor violations and by filing grievances through her union as well as filing protected compliant Ethics Point submissions.

15. In retaliation for her protected activity, Defendants subjected Plaintiff to adverse actions, including wrongful suspension, termination, loss of wages, and denial of benefits.

16. On or about **May 2025,** Plaintiff received a **Right to Sue Notice** from the U.S. Equal Employment Opportunity Commission, authorizing her to bring this action.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Count I - (Race and Gender Discrimination – Title VII, 42 U.S.C. 2000e)**

15. Plaintiff incorporates by reference the foregoing paragraphs.

16. Defendant discriminated against Plaintiff in the terms and conditions of employment on the basis of her race, and gender, and or any other federal protected categories, subjecting her to disparate treatment, exclusion from opportunities, wrongful suspension multiple times, and wrongful termination. including race.

### SECOND CLAIM OF RELIEF

**Count II -** (Retaliation – Title VII, 42 U.S.C. j2000e-3(a))

17. Plaintiff incorporates by reference the foregoing paragraphs.

18. Plaintiff engaged in protected activity, including reporting violations, supporting another African American woman co-worker who was subjected to targeting and discrimination, and participating in union grievance procedures.

19. Defendants retaliated against Plaintiff through increased scrutiny, disciplining, suspending, terminating, and withholding wages and benefits.

**THIRD CLAIM FOR RELIEF**

**Count III - (Wrongful Termination in Violation of Public Policy)**

20. Plaintiff incorporates by reference the foregoing paragraphs.

21. Defendants wrongfully terminated Plaintiff in violation of Nevada public policy protecting employees from retaliation and unlawful wage practices.

## V. DAMAGES

22. As a result of Defendants' actions, Plaintiff has suffered:

    x Loss of wages, tips and benefits (estimated $20,000 - $30,000+) x Loss of pension contributions x Loss of tip allocations x Emotional distress, humiliation, and damage to professional reputation.

23. Plaintiff is entitled to compensatory damages, punitive damages, attorneys' fees, and costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

A. Award compensatory damages in an amount **not less than $500,000,** with the final amount to be determined at trial;

B. For punitive damages in an amount sufficient to punish and deter Defendants from future misconduct;

C. For backpay, front pay, lost wages, lost tips, and lost pension/benefits;

D. For pre- and post-judgment interest;

E. For reasonable attorneys' fees and cost pursuant to 42 U.S.C. j2000e-5(k); and

F. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**DATED this 21st day of August 2025.**

Respectfully submitted,

*Jazmin Jones*

**Jazmin Jones**

Plaintiff, Pro Se