UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jazmin Jones,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Aria Resort & Casino, LLC dba Aria Resort & Casino; MGM Resorts International, Inc.,<br><br>　　　　　Defendants. | Case No. 2:25-cv-01570-GMN-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 1). Plaintiff has submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete and demonstrates an inability to pay the filing fee, it grants the application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff does not allege sufficient facts to state a claim upon which relief can be granted, it dismisses Plaintiff's complaint without prejudice and with leave to amend.

**I.　*In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.　Legal standard for screening.**

As Plaintiff has been granted leave to proceed *in forma pauperis*, this Court will therefore screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.   Screening the complaint.**

Plaintiff, an African American woman, sues Aria Resort & Casino, LLC dba Aria Resort & Casino and MGM Resorts International, Inc.[1] for damages, alleging race and gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and wrongful termination in violation of Nevada public policy. Plaintiff alleges that she worked for Defendants at the Aria Resort & Casino between August 2022 through sometime in 2024. Plaintiff alleges that despite her satisfactory performance, she was subjected to discriminatory treatment, wrongful suspensions, and termination in retaliation for asserting her workplace rights. Plaintiff alleges that Defendants excluded African Americans from managerial roles, other than one African American food and beverage manager who Defendants fired after two days. Plaintiff also alleges that her advocacy on her own behalf and on behalf of another African American woman employee "led to retaliatory actions by Defendant." She claims that she was denied proper wages and was denied tip allocations, pension contributions, and full backpay "owed during the periods of wrongful suspension and termination." Plaintiff also alleges that she engaged in protected activity by reporting wage and labor violations, by filing grievances through her union, and by filing Ethics Point submissions. Plaintiff claims that in retaliation, Defendants

---

[1] This is how Plaintiff refers to Defendants in the caption of her complaint. However, in the body of her complaint she refers to them as MGM Resorts International dba Aria Resort & Casino, LLC and MGM Resorts International, Inc. Plaintiff alleges that "MGM Resorts International dba Aria Resort & Casino, LLC owns and operates Aria Resort & Casino in Las Vegas, Nevada," where Plaintiff was employed. (ECF No. 1-1 at 2-3). In any amendment, Plaintiff must clearly and consistently name and refer to the Defendants.

subjected her to adverse actions including wrongful suspension, termination, loss of wages, and denial of benefits.  Plaintiff asserts that in May of 2025, she received a right to sue notice from the Equal Employment Opportunity Commission ("EEOC").

### A. Conclusory allegations.

Plaintiff's claims are too conclusory to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The Rule 8 pleading standard does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" *Iqbal*, 556 U.S. at 678.  A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted).

Here, while Plaintiff alleges that Defendants discriminated against her and retaliated against her she does not provide sufficient factual allegations to support her claims.  She does not describe the discriminatory actions Defendants took against her, who within the companies took those actions, when they occurred, or why Plaintiff believes those actions were discriminatory. She also does not explain when she was suspended or denied proper wages and benefits, who within the companies suspended her and denied her pay and benefits, or why those actions were wrongful, discriminatory, or retaliatory.  Plaintiff also does not describe the advocacy she took on behalf of her and her coworker or the complaints she made about wage and labor violations. Without these facts, Plaintiff's complaint is too conclusory to state a claim upon which relief can be granted.

### B. Right to sue.

Title VII provides that upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform her that she has ninety days to bring a civil action. *See* 42 U.S.C. § 2000e–5(f)(1) ("If a charge filed with the [EEOC] ... is dismissed by the [EEOC], ... the [EEOC or otherwise appropriate entity] shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought...").  This ninety-day period operates as a

limitations period. *Payan v. Aramark Management Services, Ltd. Partnership*, 495 F.3d 1119, 1121-22 (9th Cir. 2007) (citing *Scholar v. Pac. Bell*, 963 F.2d 264, 266–67 (9th Cir. 1992)). If a litigant does not file suit within ninety days "[of] the date EEOC dismisses a claim," then the action is time-barred. *Id.* Therefore, ascertaining the date on which the limitations period begins is crucial to determining whether an action was timely filed. *Id.* The Ninth Circuit measures the start of the limitations period from the date on which a right-to-sue notice letter arrived at the claimant's address of record. *Id.* (citing *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997) and *Scholar*, 963 F.2d at 267).

Here, Plaintiff does not allege the date she received the EEOC's right to sue letter. She alleges that she received it in May of 2025, but does not provide the day. So, the Court cannot determine whether the action is timely. In any amendment Plaintiff must allege the day she received the EEOC right to sue letter.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summonses.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** Plaintiff a copy of this order.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **December 15, 2025,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended

complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: November 14, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE