UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

**Jazmin Jones,**

**Plaintiff,**

v.

**Aria Resort & Casino, LLC dba Aria Resort & Casino; MGM Resorts International, Inc.,**

**Defendants.**

Case No.: 2:25-cv-01570-GMN-DJA

```
____FILED        ____RECEIVED
____ENTERED      ____SERVED ON
         COUNSEL/PARTIES OF RECORD

         DEC 1 0 2025

   CLERK US DISTRICT COURT
     DISTRICT OF NEVADA
BY: _____PJM6_____ DEPUTY
```

**AMENDED CIVIL RIGHTS COMPLAINT**

**(Title VII, ADA Retaliation, Nevada Public Policy)**

---

## I. INTRODUCTION

1. Plaintiff **Jazmin Jones** brings this action against Defendants for **race discrimination, gender, discrimination, retaliation, wrongful termination,** and violation of Nevada Public Policy.

2. Plaintiff is an African American woman who worked as a Cocktail Server at Aria Resort & Casino from **August 29, 2022,** until her wrongful termination on **December 9, 2024,** followed by reinstatement on **March 17, 2025.**

3. Plaintiff exercised her rights by reporting discrimination, wage violations, labor violations, Workplace ADA accommodations staff, and filing grievances through her union.

4. In response, Defendants subjected her to escalating retaliatory actions, including wrongful suspensions, termination, denial of wages and benefits, and continued retaliation after reinstatement.

## II. JURISDICTION & VENUE

5. This Court has **federal question jurisdiction** under **28 U.S.C. 1331,** because Plaintiff Asserts claims under **Title VII of the Civil Rights Act of 1964** and **42 U.S.C. 12203(a)** (ADA retaliation).

6. Supplemental jurisdiction exists under **28 U.S.C. 1367** for related Nevada Claims.

7. Venue is proper under **28 U.S.C. 1391** because all events occurred in Clark County, Nevada.

## III. PARTIES

8. Plaintiff **Jazmin Jones** is a resident of Clark County, Nevada

9. Defendant **Aria Resort & Casino, LLC** operates Aria Resort & Casino, where Plaintiff was employed.

10. Defendant **MGM Resorts International, Inc.,** owns, controls and manages employment practices at Aria.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff filed a timely Charge of Discrimination with the **EEOC.**

12. The EEOC issued Plaintiff a **Right-to-Sue letter on July 25, 2025,** and Plaintiff **received the letter via email on the same day.**

13. Plaintiff filed this lawsuit within the required **90-day period.**

---

## V. FACTUAL ALLEGATIONS

14. Plaintiff began her employment at Aria on **Augus 29, 2022,** as a Cocktail Server.

15. Plaintiff performed her job satisfactorily and consistently met expectations.

16. Despite her strong performance, Plaintiff was treated less favorably than non-African American employees.

### A. Discrimination & Unequal Treatment

17. Defendants maintained an environment where **African American women and men were excluded from managerial roles.**

18. When an African American manager was hired, he was terminated after only **two days** Demonstrating discriminatory decision making from **Beverage Director Johnathan Baker.**

19. Plaintiff experienced unequal discipline and heavier scrutiny compared to similarly Situated non-Black employees.

---

### B. Retaliatory Suspensions & Termination

20. Plaintiff engaged in **protected activity** by:

    a. Filing grievances through her union
    b. Reporting wage violations
    c. Filing voluntary statements to Human Resources
    d. Submitting ethical and labor related complaints
    e. Advocating for another African American coworker experiencing discrimination

21. Immediately after Plaintiff engaged in protected activity, Defendants retaliated against her through:

   a. Wrongful suspension from **Beverage Managers AJ & Kyle Vinator**
   b. False accusations from **Employee Relations specialist**
   c. Excessive scrutiny
   d. Targeting from Beverage Manager **Kyle Vinator**
   e. Denial of due process
   f. Sudden and unjustified termination decided by **Beverage Director Johnanthan Baker & Beverage Manager Kyler Vinator.**

22. On **December 9, 2024,** Plaintiff was wrongfully terminated without legitimate justification or facts.

23. Defendants later reinstated Plaintiff through the grievance process on **March 17, 2025,** effectively admitting the termination lacked merit.

---

### C. Wage/Benefit Theft & Denial of Compensation

24. During periods of suspension and termination, Plaintiff was **denied proper wages,** including:

   a. Tip allocations
   b. Pension contributions
   c. Matching funds
   d. Full back pay owed

25. Plaintiff was not made whole even after reinstatement.

---

### D. Ongoing Retaliation After Reinstatement

26. After returning to work, Plaintiff continued to experience:

   a. Retaliatory acts
   b. Intimidation

    c. Close surveillance

    d. Unequal treatment

    e. Attempts to provoke discipline

27. These actions created a hostile, unsafe, and retaliatory environment.

### E. ADA Violations – Failure to Accommodate & Illegal Denial

28. Plaintiff submitted **multiple ADA medical certifications** requesting **intermittent accommodations** as prescribed by her treating physician.

29. Defendants **never acknowledged, never discussed,** and **never responded** to Plaintiff's ADA documentation.

30. Defendants **failed to engage in the ADA – required interactive process.**

31. Defendants did **not identify** or **document** any "undue hardship," the ONLY legal basis to deny full ADA accommodations.

32. Instead of following ADA procedure, management – Specifically **Manager Leslie Bishop;** told Plaintiff:

**"They didn't have to approve your ADA at all."**

33. This statement reflects direct disregard for federal ADA requirements.

34. After submitting her ADA paperwork, Plaintiff experienced **increased micromanagement, retaliatory treatment, heightened scrutiny, and escalating hostility.**

## VI. CAUSES OF ACTION

### COUNT I – RACE DISCRIMINATION (Title VII)

**42 U.S.C. 2000-2(a)**

35. Plaintiff is a member of a protected class (African American).

36. Defendants subjected Plaintiff to adverse actions, including unequal discipline, wrongful suspension, and termination.

37. Non-African American employees were treated more favorably.

38. Defendants' actions constitute race discrimination.

## COUNT II – GENDER/SEX DISCRIMINATION (Title VII)

**42 U.S.C. 2000e-2(a)**

39. Plaintiff is a woman and belongs to a protected class.

40. Plaintiff was subjected to unequal terms and conditions of employment not imposed on male employees.

41. Defendants violated Title VII

## COUNT III – RETALIATION (Title VII)

**42 U.S.C. 2000e-3(a)**

42. Plaintiff engaged in protected activity.

43. Defendants knew of Plaintiff's protected activities.

44. Plaintiff suffered adverse actions, including wrongful suspension, termination, and wage denial.

45. A causal link exists between Plaintiff's protected activity and Defendants' retaliation.

## COUNT IV – RETALIATION (ADA) & FAILURE TO ACCOMMODATE

**42 U.S.C. 12203(a); 42 U.S.C 12112(b)(5)(A)**

46. Plaintiff submitted an ADA medical certification from her physician (5 times) requesting intermittent accommodations.

47. Defendants failed to engage in the interactive process, failed to provide any written reason for denying the accommodation, and failed to provide evidence of undue hardship.

48. Management explicitly stated:

"They didn't have to approve your ADA at all." This violated the ADA and demonstrates retaliatory animus.

49. Defendants retaliated against Plaintiff following her ADA requests and usage of ADA accommodations.

50. Defendants' actions violate the ADA.

## COUNT V – WRONGFUL TERMINATION (Nevada Public Policy)

51. Plaintiff was terminated for engaging in legally protected activity.

52. Such termination violated Nevada public policy.

## COUNT VI – Wage & Benefit Violations (Nevada Laws)

**NRS 608, 612, 613**

53. Defendants unlawfully denied Plaintiff wages, and tips.

54. Plaintiff suffered financial loss as a result.

## VII. DAMAGES

55. Plaintiff seeks:

- Compensatory damages
- Lost wages and tips

- Loss of pension contributions
- Front pay and back pay
- Emotional distress
- Punitive damages
- Attorney's fees and costs (if applicable)

---

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests judgment in her favor and all appropriate relief.

Dated: November 23, 2025

/s/ Jazmin Jones

**Jazmin Jones**

**Plaintiff, Pro Se**