# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Jazmin Jones, | Case No. 2:25-cv-01570-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| Aria Resort & Casino, LLC dba Aria Resort & Casino; MGM Resorts International, Inc., | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 4). Plaintiff has submitted a first amended complaint which the Court screens under § 1915. (ECF No. 7). Because the Court finds that Plaintiff does not allege sufficient facts to state a claim upon which relief can be granted, it dismisses Plaintiff's first amended complaint without prejudice and with leave to amend. Plaintiff also moves for leave to file electronically (ECF No. 8), which motion the Court grants.

## I.    Legal standard for screening.

As Plaintiff has been granted leave to proceed *in forma pauperis*, this Court will therefore screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule

12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete

diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## II.    Screening the complaint.

Plaintiff, an African American woman, sues Aria Resort & Casino, LLC dba Aria Resort & Casino and MGM Resorts International, Inc.  Plaintiff alleges that the Aria Resort & Casino, LLC operates the Aria Resort & Casino where she was employed as a cocktail server from August 29, 2022, until her termination on December 9, 2024, and reinstatement on March 17, 2025.  Plaintiff also alleges that MGM Resorts International, Inc. owns, controls, and manages employment practices at Aria.  Liberally construing Plaintiff's complaint, Plaintiff alleges claims for race discrimination in violation of Title VII of the Civil Rights Act of 1964, gender/sex discrimination in violation of Title VII, retaliation in violation of Title VII, failure to accommodate in violation of the Americans with Disabilities Act ("ADA"), retaliation in violation of the ADA, tortious discharge, violation of Nevada Revised Statute ("NRS") Chapter 608 (governing compensation, wages, and hours), violation of NRS Chapter 612 (governing unemployment compensation), and violation of NRS Chapter 613 (governing employment practices).[1]  However, as in her previous complaint, Plaintiff's instant allegations are too conclusory to state a claim upon which relief can be granted and so, the Court dismisses her complaint without prejudice and with leave to amend.[2]

---

[1] Plaintiff does not provide the specific provisions of these chapters that she claims Defendants violated.  In any amendment, Plaintiff must provide the specific portion of each statute under which she brings her claims.

[2] In compliance with the Court's prior screening order (ECF No. 4), Plaintiff asserts that she filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and was issued a right to sue letter on July 25, 2025.  While this contradicts her prior claim that she received her right to sue letter in May of 2025 (ECF No. 1-1 at 4), amended complaints supersede originals and the Court takes Plaintiff's allegations as true.  Taking Plaintiff's allegations as true, Plaintiff timely filed her application to proceed *in forma pauperis* and complaint in this action on August 21, 2025, within ninety days after receiving the right to sue letter.  *See* 42 U.S.C. § 2000e-5(f)(1).

### A.      Conclusory allegations.

Plaintiff's claims are too conclusory to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule 8 pleading standard does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" *Iqbal*, 556 U.S. at 678. A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted).

Plaintiff asserts that she reported discrimination, wage violations, labor violations, "[w]orkplace ADA accommodations staff," and filed grievances through her union. In response, Plaintiff alleges that Defendants subjected her to escalating retaliatory citations including wrongful suspensions, termination, denial of wages and benefits, and continued retaliation after her reinstatement. But Plaintiff does not explain when she made these reports, what exactly she reported, how, or to whom. Plaintiff also fails to state when Defendants retaliated against her, which specific individuals retaliated, how they retaliated, or why she believes that their actions were retaliatory.

Plaintiff asserts that during her time employed at the Aria she performed her job satisfactorily and met expectations, but was nonetheless treated less favorably than non-African American employees. Plaintiff asserts that Defendants maintained an environment where African American women and men were excluded from managerial roles and that when an African American manager was hired, he was terminated only two days later. Plaintiff claims that this "[d]emonstrat[es] discriminatory decision making from Beverage Director Jonathan Baker." Plaintiff claims that she experienced unequal discipline and heavier scrutiny when compared to similarly situated non-Black employees. However, Plaintiff does not explain what actions which individuals took or when. She does not explain how she was treated less favorably, who treated her less favorably, or why she believes that the treatment was less favorable or because of her race. She also fails to explain why she believed that African American individuals were excluded

from managerial roles other than stating that one manager was hired and then fired two days later. But she does not explain when or why this happened or why she believes that it was the result of discrimination on the part of Baker. Plaintiff also does not describe the scrutiny she experienced, when, by whom, or why this led her to believe that she was treated differently than non-Black employees.

Plaintiff also asserts that she engaged in protected activity by filing grievances through her union, reporting wage violations, filing voluntary statements to Human Resources, submitting ethical and labor related complaints, and advocating for another African American coworker experiencing discrimination. It is not clear if these are the same actions she described in another part of her complaint. Plaintiff also does not explain when she engaged in filing these grievances and making these complaints, to whom she complained, or the specific behavior about which she complained.

Immediately after making these complaints, Plaintiff asserts that Defendants retaliated against her. She claims that this retaliation occurred in the form of wrongful suspension from Beverage Managers AJ and Kyle Vinator, false accusations from an Employee Relations Specialist, excessive scrutiny, targeting from Vinator, denial of due process, and sudden and unjustified termination on December 9, 2024, by Baker and Vinator. Plaintiff asserts that Defendants later reinstated Plaintiff "through the grievance process" on March 17, 2025, which Plaintiff asserts "effectively admit[ed] the termination lacked merit." While Plaintiff provides slightly more detail regarding the individuals she asserts retaliated against her, she still does not provide sufficient detail about why she believes AJ, Baker, and Vinator's actions were retaliatory. She also fails to explain why the Employee Relations Specialists' accusation was false or even what it was, what scrutiny she faced, how Vinator targeted her and when, what due process she believes she was denied, or why her termination was unjustified.

Plaintiff claims that during the period of her suspension and termination, she was denied proper wages, tips, pension contributions, matching funds, and full back pay. Plaintiff asserts that she was not made whole after reinstatement. After returning to work, Plaintiff claims that she continued to experience retaliatory acts, intimidation, close surveillance, unequal treatment, and

"[a]ttempts to provoke discipline" which she claims created a hostile, unsafe, and retaliatory environment.  Again, however, Plaintiff does not assert whether and why she was entitled to full back pay during her suspension.  Plaintiff also does not sufficiently describe the retaliation she experienced, the individuals who retaliated against her, when, or why she believes that these actions were retaliatory.

Plaintiff claims that she submitted multiple ADA medical certifications requesting intermittent accommodations as prescribed by her physician.  But Plaintiff claims that Defendants never acknowledged, discussed, or responded to Plaintiff's "ADA documentation."  Plaintiff asserts that the Defendants failed to engage in the ADA-required interactive process.  Instead, Manager Leslie Bishop told Plaintiff that "[t]hey don't have to approve your ADA at all."  Plaintiff claims that after submitting her ADA paperwork, she experienced increased micromanagement, retaliatory treatment, heightened scrutiny, and escalating hostility.  Plaintiff does not explain when she submitted her medical certificates, to whom, or what accommodations she requested.  She also fails to explain when Bishop made the statement that "they" did not have to approve Plaintiff's accommodation requests.  Plaintiff further fails to explain who took what actions that she believed to be retaliatory or when they took those actions.  Because Plaintiff's allegations are too conclusory to state a claim upon which relief can be granted, the Court dismisses her complaint without prejudice and with leave to amend.

**III.    Plaintiff's motion to file electronically.**

Plaintiff has moved to file electronically under Local Rule IC 2-1(b).  (ECF No. 8).  The Court grants her motion.

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's first amended complaint (ECF No. 7) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **June 10, 2026,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to file electronically (ECF No. 8) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff must: (1) obtain a PACER account; (2) be familiar with the Local Rules for the Electronic Filing procedures in the District of Nevada; and (3) complete the e-filing registration for the District of Nevada through Manage PACER Account. Links to these items are available at https://www.nvd.uscourts.gov/e-filing-permission/.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** Plaintiff a copy of this order.

DATED: May 11, 2026,

_____

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE